No. 22-35480

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

ROBERT A. EATON,

*Plaintiff/Appellant,*

v.

MONTANA SILVERSMITHS,

*Defendant/Appellee.*

_____

On Appeal from the United States District Court for the District of Montana
Case No. CV 18-65-BLG-SPW
Hon. Susan P. Watters

_____

**APPELLEE'S ANSWER BRIEF**

_____

Adam Warren
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Adam.Warren@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Appellee Montana Silversmiths*

## **DISCLOSURE STATEMENT**

This Disclosure Statement is filed on behalf of Appellee Montana Silversmiths pursuant to Federal Rule of Appellate Procedure 26.1(a).

Montana Silversmiths is a Delaware corporation with its principal office in Columbus, Montana. Montana Silversmiths, Inc. is a wholly owned subsidiary of MTS Holdings, LLC. No publicly-held corporation owns more than 10% of its stock.

**DATED** this 2nd day of December, 2022.

MOULTON BELLINGHAM PC

By  */s/ Jordan W. FitzGerald*
      ADAM WARREN
      JORDAN W. FITZGERALD
      27 North 27th Street, Suite 1900
      P.O. Box 2559
      Billings, Montana 59103-2559

      *Attorneys for Appellee*
      *Montana Silversmiths*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... i

TABLE OF AUTHORITIES .............................................................................. iii

STATEMENT OF JURISDICTION .................................................................... 1

ISSUES PRESENTED ........................................................................................ 1

STATEMENT OF THE CASE ............................................................................ 4

SUMMARY OF THE ARGUMENT ................................................................... 4

ARGUMENT ...................................................................................................... 6

I.    The District Court Properly Disposed of Eaton's Claim Relating to the FMLA, as Eaton Raised the FMLA Only in Connection with His Contract Claim ............................ 6

II.    Pursuant to Fed. R. Civ. P. 78, the District Court Did Not Err in Denying Eaton's Request for a Hearing on Montana Silversmiths' First Motion for Summary Judgment. ......................................................................................... 7

III.    The District Court Properly Considered and Applied the Factual Evidence in Granting Summary Judgment for Montana Silversmiths. ......................... 9

IV.    The District Court Correctly Found that Montana Silversmiths Presented a Legitimate Non-discriminatory Reason for Eaton's Termination in Granting Summary Judgment. .................................................................................... 14

V.    The District Court Properly Granted Montana Silversmiths Summary Judgment on Eaton's WDEA Claim. ................................................................. 18

VI.    The District Court Properly Granted Montana Silversmiths Summary Judgment on Eaton's Federal Disability Discrimination Claim. ................................ 19

VII.    The District Court Properly Granted Montana Silversmiths Summary Judgment on Eaton's Federal Age Discrimination Claim. ............................... 22

VIII.    The District Court Correctly Denied Eaton's Objection to the First Summary Judgment Order Because It was Issued by the Article III Judge for the District of Montana and Not the U.S. Magistrate Judge. ................................. 23

IX.    The District Court Properly Granted Montana Silversmiths Leave to File a Second Motion for Summary Judgment. ................................................... 24

X.    The District Court Did Not Err in Granting Montana Silversmiths' Second Motion for Summary Judgment. ............................................................... 26

XI.    The District Court Did Not Err Regarding Eaton's Allegation of Defamation by the Former Counsel for Montana Silversmiths Because Eaton Never Raised Such a Claim with the District Court. .................................................... 29

XII.    The District Court Judge Did Not Err in Failing to Recuse Herself "Due to Pro Se Litigant Bias" Because Eaton Never Raised Such an Issue with the District Court, and He has Failed to Provide Any Evidence Whatsoever to Support His Claim. .................. 30

i

CONCLUSION ........................................................................................................... 31

# TABLE OF AUTHORITIES

## Cases

*Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir. 1992) .............................................. 20, 27, 34

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..................................................... 11, 12, 13

*Benge v. General Motors Corp.*, 267 F.Supp.2d 794 (S.D. Ohio March 31, 2003) .................... 23

*Bird v. Cascade County*, 386 P.3d 602 (Mont. 2016) ............................................................... 18

*Cal. Sportfishing Protection Alliance v. River City Waste Recyclers*, 205 F. Supp. 3d 1128 (E.D. Cal. 2016) .......................................................................................................... 14

*Carter v. Clark County*, 459 Fed. Appx. 635 (9th Cir. 2011) .................................................. 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................ 10, 11, 12, 28

*Chauhan v. M. Alfieri Co.*, 897 F.2d 123 (3d Cir. 1990) ..................................................... 17, 32

*Escandon v. Los Angeles County*, 2012 WL 12888832 (C.D. Cal. Aug. 14, 2013) .................... 15

*Everitt v. Jarvis Airfoil, Inc.*, No. 19-CV-1853 (VLB), 2020 WL 4227786 (D. Conn. July 23, 2020) .......................................................................................................................... 23

*Exxon Corp. v. Nat'l Foodline Corp.*, 579 F.2d 1244 (C.C.P.A. 1978) ...................................... 28

*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168 (9th Cir. 1997) ...................................... 14

*Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754 (9th Cir. 1997) .............................. 30

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014) ........................................ 10

*Galdieri–Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276 (2d Cir. 1998) ..... 30

*Garside v. Osco Drug, Inc.*, 895 F.2d 46 (1st Cir. 1990) ........................................................ 14

*Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009) .............................................. 25, 26

*H.B. Zachry Co. v. O'Brien*, 378 F.2d 423, 425-426 (10th Cir. 1967) ...................................... 14

*Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) ....................................... 8

*Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010) .................................................... 28, 29

*Jacobs v. Lanterman Developmental Ctr.*, 64 F. App'x 98 (9th Cir. 2003) ................................. 8

*Johnson v. Washington Metro. Transit Auth.*, 883 F.2d 125 (D.C. Cir. 1989) ............................ 13

*Johnson v. Willapa Harbor Hosp. Dist.* 370 F. App'x 772 (9th Cir. 2010) ..................... 20, 33, 34

*Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100 (9th Cir. 1986) .................. 11

*Kennan v. Allen*, 91 F.3d 1275 (9th Cir. 1996) ..................................................................... 12

*Kennedy v. Applause, Inc.*, 90 F.3d 1477 (9th Cir. 1996) ....................................................... 13

*Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L. Ed. 2d 762 (1987) ................................................................................. 28

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)....................................13

*McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 372-74 (6th Cir. 1997).....................23

*Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806 (9th Cir. 2002)... 10

*Morrow v. Topping*, 437 F.2d 1155 (9th Cir. 1971) ..........................................................9

*Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169 (9th Cir. 1998) ..................................22

*Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999)....................................21

*Payne v. Norwest Corp.*, 185 F.3d 1068 (9th Cir. 1999) .............................................26

*Putnam v. Central Montana Medical Center*, 460 P.3d 419 (Mont. 2020) ......................18

*Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000) ......................................................30

*Rolison v. Bozeman Deaconess Health Services,* 111 P.3d 202 (Mont. 2005)............... 18, 30, 32

*Ruiz v. Whirlpool, Inc.*, 12 F.3d 510 (5th Cir.1994) ..................................................12

*Seidel v. Merkle*, 146 F.3d 750 (9th Cir. 1998)............................................................8

*Snead v. Met. Prop. & Cas. Ins. Co.*, 237 F.3d 1080 (9th Cir. 2001).............................22

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) ...........................................17, 31

*T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987) ... 11, 12

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981) ...........................17, 31

*Tomar Elecs., Inc. v. Whelen Techs., Inc.*, 819 F. Supp. 871 (D. Ariz. 1992)...............................8

*Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002) .........................23

*Tremain v. Bell Indus., Inc.,* 196 F.3d 970 (9th Cir. 1999)...........................................10

*Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216 (9th Cir. 1995)...........................13

*Turnacliff v. Westly,* 546 F.3d 1113 (9th Cir.2008) ................................................33, 34

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .......................................8

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002) ...........................13

## Rules

D. Mont. L.R. 78.1 ....................................................................................................8

Fed. R. Civ. P. 1 .....................................................................................................26

Fed. R. Civ. P. 56 ...................................................................................................10

Fed. R. Civ. P. 78 .....................................................................................................8

Fed. R. Evid. 801 ...................................................................................................13

**MOULTON BELLINGHAM PC**

## Other Authorities

29 C.F.R. § 1630.15 ................................................................................................ 20

42 U.S.C. § 12101 ................................................................................................... 19

42 U.S.C. § 12102 ................................................................................................... 20

Wright & Miller *30B Fed. Prac. & Proc. Evid.* § 6714 (2020 ed.) .............................. 14

MOULTON BELLINGHAM PC

## STATEMENT OF JURISDICTION

The United States District Court for the District of Montana had original subjection matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Appellant Robert A. Eaton's ("Eaton") federal claims for retaliation, disability discrimination, and age discrimination, as well as supplemental jurisdiction over his separate state law claims pursuant to 28 U.S.C. § 1367(a).

Eaton appeals from the Judgment entered in favor of Appellee Montana Silversmiths ("Montana Silversmiths") on May 25, 2022, according to the District Court's Order that granted Montana Silversmiths' Second Motion for Summary Judgment. (1-SER-2-9.) That Judgment and Order were final and appealable, as they disposed of the remaining claims in the action. (*Id.*) Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Pursuant to Fed. R. App. P. 4(a)(1)(A), Eaton timely filed both his Notice of Appeal on June 16, 2022 (3-SER-363-368), and his Notice of Appeal Addendum on June 23, 2022 (3-SER-357-362).

## ISSUES PRESENTED

Montana Silversmiths restates and consolidates the numerous issues presented in Eaton's Opening Brief as follows:[1]

---

[1] Considering Eaton presents his multitude of issues throughout the Opening Brief with varying numerical designations, Montana Silversmiths has used its best efforts

1

I.      Did the District Court properly dispose of Eaton's claim relating to the Family and Medical Leave Act ("FMLA"), which was raised only as part of Eaton's breach of contract claim (Count VII).[2]

II.      Under Fed. R. Civ. P. 56 and 78, did the District Court err in denying Eaton's request for a hearing on Montana Silversmiths' first Motion for Summary Judgment.[3]

III.      Did the District Court properly consider and apply the factual evidence in granting summary judgment for Montana Silversmiths.[4]

IV.      Did the District Court err in finding that Montana Silversmiths presented a legitimate nondiscriminatory reason for Eaton's termination.[5]

V.      Did the District Court err in granting Montana Silversmiths summary judgment on Eaton's claim under the Montana Wrongful Discharge From Employment Act ("WDEA").[6]

VI.      Did the District Court err in granting Montana Silversmiths summary judgment on Eaton's federal disability discrimination claim.[7]

---

to comprehensively present those issues here in the chronological order they arose. (*See* Dkt. 2 at 4, 7-10, 21, 24, 33, 34, 35, 36, 37, 40, 41, 43, 50.)

[2] Dkt. 2 at 9 (Eaton's Issue No. 5), 35 (No. 4).

[3] Dkt. 2 at 4 (No. 1), 21-22 (No. 1).

[4] Dkt. 2 at 4 (No. 2), 8 (No. 3), 33 (No. 2), 36 (No. 6), 37 (No. 7), 50 (No. 6).

[5] Dkt. 2 at 10 (No. 9), 43 (No. 1).

[6] Dkt. 2 at 9 (No. 4).

[7] Dkt. 2 at 24 (No. 2).

VII.    Did the District Court err in granting Montana Silversmiths summary judgment on Eaton's federal age discrimination claim.[8]

VIII.   Did the District Court err in denying Eaton's Objection to the first summary judgment Order issued by the Article III Judge for the District of Montana.[9]

IX.     Did the District Court err in granting Montana Silversmiths leave to file a second motion for summary judgment.[10]

X.      Did the District Court err in granting Montana Silversmiths' Second Motion for Summary Judgment.[11]

XI.     Did the District Court err in failing to address alleged defamation by the former counsel for Montana Silversmiths against Eaton based on an assertion in a document filed by Montana Silversmiths' with the Montana Human Rights Bureau ("HRB") when Eaton never raised such a claim with the District Court.[12]

XII.    Did the District Court Judge err in failing to recuse herself "due to pro se litigant bias" when Eaton never raised such an issue with the District Court and has absolutely no evidence to support that claim.[13]

---

[8] Dkt. 2 at 41 (No. 1).
[9] Dkt. 2 at 8 (No. 1).
[10] Dkt. 2 at 8 (No. 2), 34 (No. 3), 36 (No. 5), 40 (No. 1).
[11] Dkt. 2 at 4 (No. 3), 9 (No. 6).
[12] Dkt. 2 at 10 (No. 8).
[13] Dkt. 2 at 9 (No. 7).

MOULTON BELLINGHAM PC

## STATEMENT OF THE CASE

Eaton brought this action, *pro se*, following Montana Silversmiths' termination of his employment on June 15, 2017, as part of a company-wide reorganization and reduction in workforce. As pled in his Fourth Amended Complaint (2-SER-294-319), Eaton asserted seven causes of action against Montana Silversmiths: (1) retaliation; (2) wrongful termination; (3) disability discrimination; (4) age discrimination; (5) hostile work environment; (6) defamation; and (7) breach of contract.

Following the dismissal of the breach of contract claim (1-SER-58-64), the District Court granted summary judgment on all the remaining claims except for Eaton's retaliation claim based on the alterations to his 2017 Performance Evaluation following a contentious meeting with his supervisors. (1-SER-16-57.)

After granting Montana Silversmiths leave to file another motion for summary judgment (1-SER-10-11), the District Court also granted summary judgment on the sole remaining claim by finding that Montana Silversmiths had a legitimate nondiscriminatory reason for the changes to the Evaluation. (1-SER-3-9.)

## SUMMARY OF THE ARGUMENT

The District Court ruled correctly on each of the various issues presented in Eaton's Opening Brief according to the factual record before it and the applicable

4

law, including by granting summary judgment in favor of Montana Silversmiths based upon the undisputed material facts.

Overall, the District Court correctly granted summary judgment as a matter of law on all claims asserted by Eaton. As found by the District Court, the undisputed material facts demonstrated that Montana Silversmiths had a legitimate business justification for its termination of Eaton. Montana Silversmiths enacted a restructuring and cost-savings plan from 2016 to 2017, including a three-phase reduction in force ("RIF"), based on its business needs and cross-training of its employees. This decision was impacted by Montana Silversmiths' knowledge in 2016 that the American Quarter Horse Association ("AQHA") would not be renewing its Sponsorship Agreement with Montana Silversmiths, an agreement which resulted in substantial revenue for the company.

Following the first two phases of the RIF, Montana Silversmiths defined the criteria for Phase 3 as: (1) skills and cross-training; (2) review of 2017 performance evaluations; (3) review of employee's disciplinary actions; (4) value to the future of the business; and (5) seniority. Of those criteria, Montana Silversmiths placed a greater value on an employee's skill set and cross-training, and Eaton comparatively lacked internal cross-training for different tasks and positions within Montana Silversmiths when compared to other members of the Design/Engraving department.

Montana Silversmiths implemented the RIF to reallocate Montana Silversmiths' resources through cost reduction efforts and initiatives to support its changing business needs. The Phase 3 layoffs, which included Eaton, saved Montana Silversmiths nearly $300,000 per year. And finally, Montana Silversmiths has continued to operate its business without the need to replace any of the positions eliminated through the RIF, including Eaton's engraving position.

Therefore, the undisputed material facts in the record supported the District Court's summary judgment ruling.

The remaining issues raised by Eaton in his Opening Brief were also decided properly by the District Court. It appropriately considered each of his claims, as well as the evidence submitted by each party, in eventually dismissing the entire action.

## ARGUMENT

### I. THE DISTRICT COURT PROPERLY DISPOSED OF EATON'S CLAIM RELATING TO THE FMLA, AS EATON RAISED THE FMLA ONLY IN CONNECTION WITH HIS CONTRACT CLAIM.

Eaton argues that the District Court failed to address his "claims of not being allowed FMLA leave when he went on work comp." (*See* Dkt. 2 at 9 (No. 5), 35-36.) Based on his Fourth Amended Complaint, however, Eaton did not assert a cause of action under the Family and Medical Leave Act ("FMLA"). Instead, he asserted

a breach of contract claim based, in part, on a provision in Montana Silversmiths' Employee Handbook relating to FMLA leave. (*See* 2-SER-314-15.)

As such, the District Court indeed considered Eaton's allegations regarding FMLA leave when it dismissed his breach of contract claim based on the Findings and Recommendations of the U.S. Magistrate Judge. (*See* 1-SER-58-64, 3-SER-341-356.) Specifically, the U.S. Magistrate Judge examined Eaton's contentions about FMLA leave and found that his related claim was barred by the exclusivity provisions of the Montana Wrongful Discharge From Employment Act ("WDEA"). (3-SER-348, 353-354.) The District Court Judge subsequently adopted those Findings and Recommendations. (1-SER-58-64.)

Therefore, Eaton's argument that the District Court failed to ever address his FMLA claims is contrary to the established record at the trial court. And as Eaton fails to raise any other issue on appeal regarding the dismissal of his contract claim, he cannot demonstrate any reversible error exists relating to his FMLA claims.

## II. PURSUANT TO FED. R. CIV. P. 78, THE DISTRICT COURT DID NOT ERR IN DENYING EATON'S REQUEST FOR A HEARING ON MONTANA SILVERSMITHS' FIRST MOTION FOR SUMMARY JUDGMENT.

As his first issue stemming from the summary judgment rulings below, Eaton assigns error to the District Court for denying his request for a hearing on Montana Silversmiths' first Motion for Summary Judgment. (*See* Dkt. 2 at 4 (No. 1), 21-24.) The decision to hold a hearing falls squarely within the discretion of the District

Court.  *Seidel v. Merkle*, 146 F.3d 750, 754 (9th Cir. 1998); *Jacobs v. Lanterman Developmental Ctr.*, 64 F. App'x 98, 100 (9th Cir. 2003) (unpublished); *Tomar Elecs., Inc. v. Whelen Techs., Inc.*, 819 F. Supp. 871, 873 (D. Ariz. 1992).  The District Court denied Eaton's request in its Order that granted summary judgment for Montana Silversmiths on all but one partial claim, explaining that "[t]he Court has thoroughly reviewed the parties' submission on the summary judgment motion and has determined that it would not benefit from oral argument."  (1-SER-57.)

To support his argument, Eaton cites to Mont. R. Civ. P. 56(c)(2), which allows a party to request a summary judgment hearing under the Montana Rules of Civil Procedure.  However, as this matter was before the U.S. District Court, the Federal Rules of Civil Procedure applied, not the state rules.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)).

With that, Fed. R. Civ. P. 56 contains no such hearing provision.  Instead, Fed. R. Civ. P. 78(b) provides that, "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."  The District of Montana has accordingly adopted D. Mont. L.R. 78.1, which states that, "[e]xcept where a hearing is ordered in the court's discretion, a matter is submitted on the briefs without oral hearing."  The Ninth Circuit has previously held that adherence

to such a local rule does not manifest an abuse of discretion. *See Morrow v. Topping*, 437 F.2d 1155, 1156-57 (9th Cir. 1971).

As such, the District Court did not err here by denying Eaton's request for a summary judgment hearing based on the applicable federal rules and caselaw, as well as the Court's "thorough review[]" of the parties' submissions on summary judgment.

## III. THE DISTRICT COURT PROPERLY CONSIDERED AND APPLIED THE FACTUAL EVIDENCE IN GRANTING SUMMARY JUDGMENT FOR MONTANA SILVERSMITHS.

Eaton also raises several disjointed issues regarding the District Court's treatment and use of the factual evidence presented for summary judgment. (*See* Dkt. 2 at 4 (No. 2), 8 (No. 3), 33, 36-40, 50.) The District Court, however, properly considered the evidence in determining there were no genuine issues of material fact and granting summary judgment in favor of Montana Silversmiths.

The Ninth Circuit reviews a district court's grant of summary judgment de novo. *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953 (9th Cir. 2014) (citing *Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 975 (9th Cir. 1999)). The Court must determine, viewing the evidence in the light most favorable to the non-moving party, whether any genuine issues of material fact exist, and whether the district court correctly applied the relevant substantive law. *Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 811-12 (9th Cir. 2002) (citation omitted).

Summary judgment is proper when the pleadings, discovery materials on file, and any affidavits demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment must initially demonstrate the absence of any dispute over material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to counter with specific factual allegations which show a genuine dispute of fact to preclude summary judgment. *Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The Court must view the evidence in the light most favorable to the nonmoving party. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).

Additionally, entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Courts routinely grant summary judgment when a claimant fails to plead or establish a genuine issue of material fact upon which a reasonable jury could find in its favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "When a motion for summary judgment identifies an absence of evidence that supports a material fact on which the non-movant bears the burden of proof at trial, the non-moving party must set forth specific facts that show

10

that there is a genuine issue for trial." *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) (internal citations omitted).

> Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because 'there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'

*Id.* (quoting *Anderson*, 477 U.S. at 249-50).

On summary judgment, Eaton failed to properly rebut Montana Silversmiths' Motion through omitting any admissible material facts. Material facts are those which may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A genuine dispute of material fact arises only when there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630. The Court is not obligated to "scour the record in search of a genuine issue of triable fact" if Eaton fails to properly identify as much in his Response. *Kennan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).

In responding to Montana Silversmiths' Motion, Eaton was required to demonstrate, with admissible evidence, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252). The Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996); *Johnson v. Washington Metro. Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989) (discussing cases in which self-serving testimony uncorroborated by other evidence did not create a genuine issue of material fact)). Here, Eaton presented only uncorroborated and self-serving testimony as evidence for his arguments against summary judgment.

Conclusory, self-serving affidavits lacking detailed facts and any supporting evidence are insufficient to create a genuine issue of material fact. *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). This same rule applies equally to conclusory, unsupported statements in answers to interrogatories. *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990) ("In summary judgment proceedings, answers to interrogatories are subject to exactly the same infirmities as affidavits."); *H.B. Zachry Co. v. O'Brien*, 378 F.2d 423, 425-426 (10th Cir. 1967) (noting that "neither conclusionary allegations nor general denials" in interrogatory answers "perpetuate an issue of fact under Rule 56"). The Ninth Circuit has also

recognized that a party's vague, conclusory answers to interrogatories, standing alone, are insufficient to withstand a motion for summary judgment. *Carter v. Clark County*, 459 Fed. Appx. 635 (9th Cir. 2011). *See also Cal. Sportfishing Protection Alliance v. River City Waste Recyclers*, 205 F. Supp. 3d 1128, 1150 (E.D. Cal. 2016) (holding the defendant's "vague and conclusory answers to [the plaintiff's] requests for admission, without more, are insufficient to withstand summary judgment"); *Escandon v. Los Angeles County*, 2012 WL 12888832, *4 (C.D. Cal. Aug. 14, 2013) (finding the plaintiff's conclusory, self-serving responses to the defendant's discovery requests were not proper evidence to establish a genuine dispute of material fact).

A party opposing summary judgment must present admissible evidence, but the majority of what Eaton relied on in his response consist of his own statements and assertions contained in handwritten notes, all of which undoubtedly constitute inadmissible hearsay evidence.[14] Hearsay is an out of court statement made for the truth of the matter asserted, and generally is not admissible evidence. Fed. R. Evid. 801, 802. A "statement" includes oral assertions, written assertions, and nonverbal conduct intended as an assertion. Rule 801(a). Written words almost always constitute statements under the hearsay rules, and Rule 801 includes such assertions

---

[14] Pursuant to the District Court's Scheduling Order, Montana Silversmiths objected to the foundation and authenticity of Eaton's notes as required via letters dated December 5, 2019, and March 2, 2020.

to oneself. Wright & Miller *30B Fed. Prac. & Proc. Evid*. § 6714 (2020 ed.).

Hearsay extends to one's own out of court statements and specifically captures a

testifying witness' prior statements. Fed. R. Evid. 801. "[T]he federal rules

generally prohibit a testifying witness' own prior statements from being introduced

for the truth of the matter previously asserted." Wright & Miller *30B Fed. Prac. &

Proc. Evid*. § 6717. "Rule 801(c)(1)'s broad prohibition of testifying witness' own

out-of-court statements can be justified on the grounds of preventing 'the general

use of prior prepared statements as substantive evidence,'" and thus the Rule "is

typically characterized as prohibiting parties from introducing certain 'out-of-court'

statements to the fact finder." Wright & Miller *30B Fed. Prac. & Proc. Evid*. §

6717.

With that, the District Court fully considered and applied the appropriate

factual evidence in the record in determining that Eaton failed to present facts

sufficient to defeat summary judgment. (*See, e.g.,* 1-SER-41-42, 45-46.)

## IV. THE DISTRICT COURT CORRECTLY FOUND THAT MONTANA SILVERSMITHS PRESENTED A LEGITIMATE NON-DISCRIMINATORY REASON FOR EATON'S TERMINATION IN GRANTING SUMMARY JUDGMENT.

Eaton next assigns error to the District Court's determination on summary

judgment that Montana Silversmiths had a "legitimate business reason" for

terminating Eaton's employment. (*See* Dkt. 2 at 10 (No. 9), 43-50.) In its first

summary judgment Order, the Court found that, based on the undisputed material

facts, Montana Silversmiths presented a legitimate, nondiscriminatory reason for his termination stemming from an anticipated loss of revenue, which substantially impacted the engraving department where Eaton worked, and Eaton's relative lack of cross-training compared to other employees.  (*See* 1-SER-31-33.)

Under his claims for retaliation and discrimination, the initial burden lies with Eaton to prove a *prima facie* case by a preponderance of the evidence, and after that, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason for the employee's rejection." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations omitted).  If the defendant provides a nondiscriminatory legitimate reason, the burden shifts back to the plaintiff to prove the proffered reason is not true and a pretext for discrimination, again by a preponderance of the evidence.  *Id.* at 253.  The Supreme Court refined this requirement as follows: "a reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in original).  Stated differently, in order to create a genuine issue of material fact as to the pretextual nature of the defendant's reason, the plaintiff must introduce evidence from which a reasonable person could infer casts doubt on the defendant's contention that there was a legitimate business justification for its actions. *Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 127 (3d Cir. 1990).  As the

nonmoving party, Eaton "may not merely set forth conclusory statements, but must provide material and substantial evidence" to support his retaliation claim. *Rolison v. Bozeman Deaconess Health Services,* 111 P.3d 202, 208 (Mont. 2005).

In determining whether a legitimate business reason exists under the WDEA, it is important for a court to recognize the employer's right to exercise discretion over whom it employs and keeps in employment. *Putnam v. Central Montana Medical Center*, 460 P.3d 419, 423 (Mont. 2020). However, an employer must still present evidence of a reasonable job-related ground for the dismissal – meaning, the reason for the dismissal must bear some logical relationship to the needs of the business. *Id.* at 424. During summary judgment, if the employer sets forth evidence demonstrating good cause for the discharge, the burden shifts to the employee to present evidence establishing either that the given reason is not good cause "in and of itself" or that the reason is "pretext and not the honest reason for the discharge." *Id.* Summary judgment is appropriate where the undisputed facts show good cause for discharge from employment. *Bird v. Cascade County*, 386 P.3d 602, 606 (Mont. 2016).

As found by the District Court, the undisputed material facts demonstrate that Montana Silversmiths had a legitimate business justification for its termination of Eaton. Montana Silversmiths enacted a restructuring and cost-savings plan from 2016 to 2017, including a three-phase reduction in force ("RIF"), based on its

business needs and cross-training of its employees. (1-SER-24-25.) This decision was impacted by Montana Silversmiths' knowledge in 2016 that the American Quarter Horse Association ("AQHA") would not be renewing its Sponsorship Agreement with Montana Silversmiths, an agreement which resulted in substantial revenue for the company. (1-SER-24-25, 32, 41-42.)

Following the first two phases of the RIF, Montana Silversmiths defined the criteria for Phase 3 as: (1) skills and cross-training; (2) review of 2017 performance evaluations; (3) review of employee's disciplinary actions; (4) value to the future of the business; and (5) seniority. (*Id.*) Of those criteria, Montana Silversmiths placed a greater value on an employee's skill set and cross-training. As explained in Montana Silversmiths' cross-training matrix for its employees, Eaton comparatively lacked internal cross-training for different tasks and positions within Montana Silversmiths when compared to other members of the Design/Engraving department. (*Id.*) Eaton was cross-trained only in the "Design Fab" areas of "Sawing" and "Stone Setting," as well as "Custom Buckle Engraving," and he received the lowest total scoring on the matrix. (*Id.*)

Since Eaton's termination in June 2017, Montana Silversmiths has not replaced his position in Engraving, either through a new hire or an internal transfer. (1-SER-47-49.) Further, Eaton's arguments regarding the fluctuation of overtime hours and Montana Silversmiths' supposed efforts to replace him in the engraving

department are unsupported and contrary to sworn testimony in the record.  (*See* 3-SER-327, 332-333, 335.)

Therefore, based on the record before the District Court, it correctly determined that, as a matter of law, Montana Silversmiths had an undisputed, legitimate business justification for terminating Eaton.

## V.   THE DISTRICT COURT PROPERLY GRANTED MONTANA SILVERSMITHS SUMMARY JUDGMENT ON EATON'S WDEA CLAIM.

Eaton further asserts that the District Court erred in granting summary judgment on his WDEA claim, including on whether Montana Silversmiths failed to follow its personnel policy in connection with Eaton's termination.  (*See* Dkt. 2 at 9 (No. 4).)  However, Eaton fails to include any arguments in his Opening Brief that correspond with that presented issue.  (*See, generally,* Dkt. 2 at 21-50.)  The Ninth Circuit has held that it will not review a district court's summary judgment on any claims which an appellant failed to develop any argument in his opening brief.  *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir. 1992) (issues raised in pro se litigant's brief but not supported by argument deemed waived); *see also Johnson v. Willapa Harbor Hosp. Dist. #2*, 370 F. App'x 772, 773 (9th Cir. 2010).

As such, the District Court's reasoning on summary judgment regarding Eaton's WDEA claim (*see* 1-SER-40-43) has not been adequately challenged, and the corresponding ruling should be affirmed.

## VI. THE DISTRICT COURT PROPERLY GRANTED MONTANA SILVERSMITHS SUMMARY JUDGMENT ON EATON'S FEDERAL DISABILITY DISCRIMINATION CLAIM.

Eaton contends that the District Court erred in granting summary judgment on his federal disability discrimination claim. (*See* Dkt. 2 at 24-32.) In its Order on Montana Silversmiths' first Motion for Summary Judgment, the trial court held that Eaton failed to establish he is disabled under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., as the record lacked any adequate evidence to support such a finding. (*See* 1-SER-43-46.) The District Court's ruling on Eaton's disability claim was proper and should be upheld.

The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). To "establish a prima facie case of discrimination under the ADA[, Eaton] must show that [he]: (1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." *Snead v. Met. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). The same burden- shifting test for Title VII's disparate impact analysis applies under the ADA – the plaintiff bears the initial burden of establishing a *prima facie* case, thus shifting the burden to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection," and if that occurs, the

burden shifts back to the plaintiff to demonstrate the stated reason "was in fact pretext." *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1175-76 (9th Cir. 1998).

As found by the District Court, Eaton's claim fails for the simple fact he cannot demonstrate that he is disabled within the meaning of the ADA. "Disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" are defined, in relevant part, as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Under federal law, the ADA currently provides the "regarded as" definition of disability does not apply to impairments that are both "transitory and minor." 42 U.S.C. § 12102(3)(B); 29 C.F.R. § 1630.15. Further, an impairment is transitory if it has "an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). Numerous courts have determined that carpal tunnel syndrome does not constitute a disability under the ADA as it does not substantially limit a major life activity. *See e.g., Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 199 (2002) (stating a diagnosis of carpal tunnel syndrome on its own does not qualify as being disabled under the ADA) (overruled in part on other grounds by statute); *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 372-

74 (6th Cir. 1997); *Benge v. General Motors Corp.*, 267 F.Supp.2d 794, 800-02 (S.D. Ohio March 31, 2003); *Everitt v. Jarvis Airfoil, Inc.*, No. 19-CV-1853 (VLB), 2020 WL 4227786, at *5 (D. Conn. July 23, 2020).

Here, the undisputed facts demonstrated that Montana Silversmiths never regarded Eaton as disabled, as it fully expected him to return to work. At most, Montana Silversmiths expected Eaton's recovery to take a few months at most, and there is nothing in the record to indicate it regarded him as disabled. Additionally, there was nothing in the record to establish that the injury substantially impaired any major life activities as defined by federal law. To the extent that Eaton now tries to inject additional medical records (*see* Dkt. 2 at 25 (citing to Doc. 120-1)), such records were not part of the record when the District Court determined that summary judgment was warranted.

However, even if Eaton were disabled for purposes of the ADA, his claim still fails as he cannot establish his termination was because of his disability. Specifically, the undisputed facts surrounding the basis for Montana Silversmiths' RIF from 2016 to 2017 once again establish a legitimate business justification for Eaton's termination, and Eaton cannot prove that justification was pretextual.

Finally, Eaton's argument regarding the application of the ADA Amendments Act of 2008 is baseless. Namely, the District Court fully considered and applied the

provisions of the ADA Amendments Act in granting summary judgment on the claim for disability discrimination. (*See, e.g.,* 1-SER-45.)

As such, the District Court properly granted summary judgment for Montana Silversmiths on Eaton's disability claim under the ADA.

## VII. THE DISTRICT COURT PROPERLY GRANTED MONTANA SILVERSMITHS SUMMARY JUDGMENT ON EATON'S FEDERAL AGE DISCRIMINATION CLAIM.

Like his disability claim, Eaton also argues that the District Court erred in granting summary judgment on his federal age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). (*See* Dkt. 2 at 41-42.) The District Court held that Eaton failed to establish a prima facie case of age discrimination because he failed to offer any evidence to support his claim. (*See* 1-SER-46-50.)

Importantly, unlike claims under Title VII, claims under the ADEA are not subjected to the "mixed motive" analysis. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175 (2009). It is not enough for a plaintiff to merely show that age was "simply a motivating factor." *Id.* at 174. Rather, under the plain language of the ADEA, a plaintiff must show "an employer took adverse action 'because of' age," meaning that "age was the 'reason' that the employer decided to act." *Id.* at 176. Stated differently, Eaton must prove "that age was the 'but-for' cause of the employer's adverse decision." *Id.* In sum, the Supreme Court held:

> We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action.

The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Id.* at 180.

To allege a *prima facie* case of age discrimination, Eaton must allege that (1) he is a member of a protected class; (2) he performed his job in a satisfactory manner; (3) he was discharged from his job; and (4) he was replaced by a substantially younger worker. *Payne v. Norwest Corp.*, 185 F.3d 1068, 1073 n. 10 (9th Cir. 1999) (citation omitted). Eaton's claim is undisputedly precluded by the fourth element – he has neither alleged nor can he provide any evidence that he was replaced by a younger employee. Indeed, Eaton's position in the Design/Engraving Department has not been replaced by anyone, let alone a younger individual. Eaton also failed to present any evidence of preferential treatment given to younger employees at Montana Silversmiths. (*See* 1-SER-46-50.)

As such, the District Court's summary judgment on Eaton's age discrimination claim should be affirmed.

## VIII. THE DISTRICT COURT CORRECTLY DENIED EATON'S OBJECTION TO THE FIRST SUMMARY JUDGMENT ORDER BECAUSE IT WAS ISSUED BY THE ARTICLE III JUDGE FOR THE DISTRICT OF MONTANA AND NOT THE U.S. MAGISTRATE JUDGE.

Eaton also raises an issue regarding the District Court's denial of his Objection to the Court's first summary judgment Order. (*See* Dkt. 2 at 8 (No. 1).) Upon

23

receiving Eaton's Objection, the District Court clarified its summary judgment Order by explaining that it was issued by a District Court Judge, rather than a U.S. Magistrate. (1-SER-14-15.) As such, Eaton's Objection was improper and not well-taken, as objections to Findings and Recommendations are inherently based on the issuance of Findings and Recommendations by a Magistrate Judge. Fed. R. Civ. P. 78(b); L.R. 72.3.

Further, Eaton fails to include any arguments in his Opening Brief that correspond with this issue. (*See, generally,* Dkt. 2 at 21-50.) Consequently, the District Court's ruling should be affirmed. *See Acosta–Huerta, supra.,* 7 F.3d at 144 (issues raised in pro se litigant's brief but not supported by argument deemed waived).

## IX. THE DISTRICT COURT PROPERLY GRANTED MONTANA SILVERSMITHS LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT.

Eaton contends next that the District Court erred in granting Montana Silversmiths leave to file a second summary judgment motion. (*See* Dkt. 2 at 8 (No. 2), 34-35, 36, 40-41.) Montana Silversmiths requested a second motion for summary judgment to address Eaton's final partial retaliation claim which survived the previous ruling on summary judgment. Specifically, the Court had granted summary judgment for Montana Silversmiths on all counts except for one portion of Eaton's retaliation claim based upon his 2017 performance evaluation. (*See* 1-SER-57.) In granting leave, the District Court found good cause to allow a second motion for

summary judgment from Montana Silversmiths because it could potentially lead to a resolution of the case considering the narrow scope of the remaining claim.  (*See* 1-SER-10-11.)

The summary judgment procedure is designed "to secure the just, speedy and inexpensive determination of every action."  *Celotex Corp., supra,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).  It enables a court to "streamline the process for terminating frivolous claims and to concentrate its resources on meritorious litigation."  *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L. Ed. 2d 762 (1987).  Moreover, the purpose of a Rule 56 motion "is one of judicial economy to save the time and expense of a full trial when it is unnecessary."  *Exxon Corp. v. Nat'l Foodline Corp.*, 579 F.2d 1244, 1246 (C.C.P.A. 1978).

Under Fed. R. Civ. P. 56(b), "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery," "[u]nless … the court orders otherwise."  The Ninth Circuit has explicitly held that districts courts have discretion to entertain successive motions for summary judgment.  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  The *Hoffman* Court went on to state that "the denial of summary judgment does not preclude a contrary later grant of summary judgment.  Consequently, *allowing a party to file a second motion for*

*summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits*." *Id.* (quoting Fed. R. Civ. P. 1) (emphasis added).

As such, the District Court properly used its discretion in allowing the final remaining claim to be resolved upon summary judgment, as that resolution would dispense with the need for a full trial on such a narrow claim in the interest of judicial economy.

## X. THE DISTRICT COURT DID NOT ERR IN GRANTING MONTANA SILVERSMITHS' SECOND MOTION FOR SUMMARY JUDGMENT.

Eaton also argues that the District Court erred in granting Montana Silversmiths' Second Motion for Summary Judgment, which disposed of Eaton's final claim of retaliation based on the alterations to his 2017 Performance Evaluation. (*See* Dkt. 2 at 4 (No. 3), 9 (No. 6).) In its Order, the District Court held that, according to the undisputed material facts, Montana Silversmiths had a legitimate and nondiscriminatory reason for altering Eaton's 2017 Performance Evaluation, and Eaton failed to introduce evidence that would cast doubt on that reason. (*See* 1-SER-3-9.)

In Count 1 of the Fourth Amended Complaint, Eaton asserted a claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). To survive a motion for summary judgment, a plaintiff must establish a *prima facie* case of retaliation. To do so, Eaton must show: (1) that he was engaged in a protected activity; (2) that he was subjected to an adverse employment action; and

(3) that a causal link exists between the protected activity and the adverse employment action. *Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 755 (9th Cir. 1997); *Rolison v. Bozeman Deaconess Health Services,* 111 P.3d 202, 207 (Mont. 2005). A plaintiff alleging retaliation as the basis for an employment discrimination claim must show that his employer was aware of his complaint and that it "understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Galdieri–Ambrosini v. National Realty & Development Corp.,* 136 F.3d 276, 292 (2d Cir. 1998). The "burden-shifting" test applies to claims of retaliation under federal law. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

The initial burden lies with Eaton to prove a *prima facie* case by a preponderance of the evidence, and after that, the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason" for the adverse employment action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations omitted). The employer's burden is not onerous. The employer "need not persuade the court that it was actually motivated by the proffered reasons… It is sufficient if the [employer's] evidence raises a genuine issue of fact as to whether it discriminated against the [employee]." *Id.* at 254-55 (internal citation omitted).

If the defendant provides a nondiscriminatory legitimate reason, the burden shifts back to the plaintiff to prove the proffered reason is not true and a pretext for discrimination, again by a preponderance of the evidence. *Id.* at 253. The Supreme Court refined this requirement as follows: "a reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (emphasis in original). Stated differently, in order to create a genuine issue of material fact as to the pretextual nature of the defendant's reason, the plaintiff must introduce evidence from which a reasonable person could infer casts doubt on the defendant's contention that there was a legitimate business justification for its actions. *Chauhan v. M. Alfieri Co.*, 897 F.2d 123, 127 (3d Cir. 1990). As the nonmoving party, Eaton "may not merely set forth conclusory statements, but must provide material and substantial evidence" to support his retaliation claim. *Rolison*, 111 P.3d at 208.

The sole remaining portion of Eaton's retaliation claim at issue in the Second Motion for Summary Judgment was based on his performance review in 2017, which he alleges contained lower marks in retaliation for his reporting of perceived racial and sexual harassment. (*See* 2-SER-300.[15]) Based on the undisputed facts presented

---

[15] Eaton's last surviving claim was asserted in the Fourth Amended Complaint as follows: "Notes of retaliation included … Providing low marks on yearly evaluation without cause/reason, which included changing plaintiff's comments on his

by Montana Silversmiths, which Eaton could not rebut with evidence beyond his own self-serving claims, the District Court detailed the reasoning for Montana Silversmiths' changes to Eaton's Performance Evaluation stemming from the contentious meeting between Eaton, Mr. Neirby, and Mr. Deacon on April 5, 2017. (*See* 1-SER-6-9.) Mr. Neirby changed the comments on the Evaluation in an effort to calm Eaton down. However, the scores on the Evaluation remained the same.

As such, Montana Silversmiths was justified in altering the comments, while Eaton failed to present any evidence that would demonstrate a pretext. The District Court's ruling, therefore, should be affirmed.

## XI. THE DISTRICT COURT DID NOT ERR REGARDING EATON'S ALLEGATION OF DEFAMATION BY THE FORMER COUNSEL FOR MONTANA SILVERSMITHS BECAUSE EATON NEVER RAISED SUCH A CLAIM WITH THE DISTRICT COURT.

Eaton also raises an issue for the District Court "allowing" the former counsel for Montana Silversmiths "to defame Eaton's character in the MHRB investigation" regarding an assertion in a document filed with the Montana HRB that Eaton mentioned a gun during the April 5, 2017 meeting with Lance Neirby and Justin Deacon. (Dkt. 2 at 10 (No. 8).)

---

evaluation when plaintiff confronted VP and supervisor, stating information was untrue, but not changing his low marks. Comments on the yearly evaluation were positive and not correlating with low marks written." (2-SER-300.)

Beyond the obvious lack of merit for such an assertion, Eaton never presented this issue to the District Court. His claim for defamation in the Fourth Amended Complaint includes allegations against only Mr. Neirby. (*See* 2- SER-312-313.) As such, this issue cannot now be considered for the first time on appeal. *Johnson v. Willapa Harbor Hosp. Dist. #2*, 370 F. App'x 772, 773 (9th Cir. 2010) (citing *Turnacliff v. Westly,* 546 F.3d 1113, 1120 (9th Cir.2008) (declining to consider a new issue on appeal)).

Further, Eaton again fails to include arguments in his Opening Brief that correspond with this issue. (*See, generally,* Dkt. 2 at 21-50.) Therefore, this issue is likewise waived on that basis. *See Acosta–Huerta, supra.,* 7 F.3d at 144 (issues raised in pro se litigant's brief but not supported by argument deemed waived).

## XII. THE DISTRICT COURT JUDGE DID NOT ERR IN FAILING TO RECUSE HERSELF "DUE TO PRO SE LITIGANT BIAS" BECAUSE EATON NEVER RAISED SUCH AN ISSUE WITH THE DISTRICT COURT, AND HE HAS FAILED TO PROVIDE ANY EVIDENCE WHATSOEVER TO SUPPORT HIS CLAIM.

Finally, Eaton presents another issue regarding the District Court Judge's failure to recuse herself "due to pro se litigant bias." (Dkt. 2 at 9 (No. 7).) Like the last issue discussed above, Eaton also failed to present this issue to the District Court at any point during the underlying action. Consequently, this issue likewise cannot now be considered for the first time on appeal. *Johnson*, 370 F. App'x at 773 (citing *Turnacliff,* 546 F.3d at 1120 (declining to consider a new issue on appeal)).

Lastly, Eaton also fails to include arguments in his Opening Brief corresponding to this issue. (*See, generally,* Dkt. 2 at 21-50.) Therefore, this issue is further waived on that basis. *See Acosta–Huerta, supra.,* 7 F.3d at 144 (issues raised in pro se litigant's brief but not supported by argument deemed waived).

## <u>CONCLUSION</u>

Based on the foregoing reasons, the rulings by the District Court at issue in this appeal should be AFFIRMED.

**RESPECTFULLY SUBMITTED** this 2nd day of December, 2022.

MOULTON BELLINGHAM PC


By    */s/ Jordan W. FitzGerald*
           ADAM WARREN
           JORDAN W. FITZGERALD
           27 North 27th Street, Suite 1900
           P.O. Box 2559
           Billings, Montana 59103-2559

           *Attorneys for Appellee*
           *Montana Silversmiths*

## <u>CERTIFICATE OF COMPLIANCE</u>

**9th Circuit Case Number**:        22-35480

I am the attorney.

This brief contains 7,109 words, excluding the items exempted by Fed. R. App. P. 32(f).  The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Times New Romans text typeface of 14 points.

**RESPECTFULLY SUBMITTED** this 2nd day of December, 2022.


_____
s/ Jordan W. FitzGerald

4883-6994-2334, v. 1